IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 4:15-BK-18689 |
| | : | |
| JEREMY M. BOLLES | : | CHAPTER 13 |
| RYAN MARIE BOLLES, | : | |
|     DEBTORS | : | |
| | : | |
| JEREMY M. BOLLES | : | |
| RYAN MARIE BOLLES, | : | |
|     MOVANTS | : | Document No. 67 |
| | : | |
| vs. | : | |
| | : | |
| McElrath Legal Holdings, LLC, | : | |
| Attn: Paul McElrath, | : | |
| 432 Boulevard of the Allies | : | |
| Professional Office Building, | : | |
| Pittsburgh, PA 15219, | : | |
| | : | |
|     RESPONDENT | : | |
| and | : | |
| | : | |
| FREDERICK L. REIGLE, ESQ. | : | |
| CHAPTER 13 TRUSTEE, | : | |
| | : | |
|     ADDITIONAL | : | |
|     RESPONDENT | : | |
| Social Security No. xxx-xx-3808. | : | |

ORDER TO PAY TRUSTEE PURSUANT TO WAGE ATTACHMENT

Upon representation of the above-named Debtor, having filed a Chapter 13 petition and having moved to attach wages to fund the Chapter 13 Plan

IT IS HEREBY ORDERED that until further order of this Court, the entity from which the Debtor receives income:

        McELRATH LEGAL HOLDINGS, LLC
        ATTN: MICHELLE McELRATH
        432 BOULEVARD OF THE ALLIES
        PROFESSIONAL OFFICE BUILDING
        PITTSBURGH, PA 15219

Shall deduct from said income the sum of Ninety-Two Dollars and Thirty Cents ($92.30) semi-monthly (each pay period), for a monthly total of One Hundred Eighty-four Dollars and Sixty

Cents ($184.60) beginning on the next pay day following receipt of this order and deduct a similar amount each pay period thereafter, including any period for which the debtor receives a periodic or lump sum payment as a result of vacation, termination or other benefits arising out of present or past employment, or from any other benefits payable to the debtor, and shall remit the deducted sums ON AT LEAST A MONTHLY BASIS to:

FREDERICK L. REIGLE, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 680
MEMPHIS, TN 38101-0680

IT IS FURTHER ORDERED that the above-named entity shall notify the Debtor's attorney, Jeremy M. Bolles, Esq. Law Office of Jeremy M. Bolles, 729 Monroe Street, Stroudsburg, PA 18360, (570) 213-9177, if the debtor's income is terminated and the reason therefore.

IT IS FURTHER ORDERED that all remaining income of the debtor, except the amounts required to be withheld for taxes, social security, insurance, pension, or union dues be paid to the debtor in accordance with usual payment procedures.

IT IS FURTHER ORDERED THAT NO OTHER DEDUCTIONS FOR GARNISHMENT, WAGE ASSIGNMENT, CREDIT UNION OR OTHER PURPOSE NOT SPECIFICALLY AUTHORIZED BY THIS COURT BE MADE FROM THE INCOME OF DEBTOR WITH THE EXCEPTION OF ANY SUPPORT PAYMENTS.

IT IS FURTHER ORDERED that this order supersedes previous orders made to the above-named entity in this case.

IT IS FURTHER ORDERED that the above-named entity shall not charge any fee to the debtor for the administration of this attachment order, except as may be allowed upon application to and order of this Court.

IT IS FURTHER ORDERED that the debtor shall remain responsible for timely making all monthly plan payments to the Chapter 13 Trustee, either in whole or in part, until such time as the automatic paycheck withdrawals by the employer or other automatic attachments such as automatic bank transfers or welfare checks begin. The first plan payment is due within thirty (30) days after the Chapter 13 Plan has been filed. Any failure to timely remit full plan payments to the Trustee ay result in the dismissal of the case after notice and hearing. Employers and others who fail to withhold funds and pay them over to the Trustee as ordered herein may be subject to sanctions including damages to debtor and this estate.

**Date: August 18, 2016**

By the Court

Richard E. Fehling
Judge, United States Bankruptcy Court